IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AARON HOPE,

    Petitioner,

v.                                        Case No. 1:18-cv-144-AW-EMT

DEPARTMENT OF CORRECTIONS,

    Respondent.

_____/

## FINAL ORDER

A Florida jury convicted Aaron Hope of attempted first-degree murder, aggravated battery with a deadly weapon, and three counts of aggravated assault with a deadly weapon. The state court imposed a life sentence as to the attempted murder and shorter concurrent sentences as to the rest.

The First DCA affirmed in large part, but it concluded the aggravated battery conviction could not stand. *Hope v. State*, 68 So. 3d 366 (Fla. 1st DCA 2011) (Mem.). On remand, the trial court reimposed the same sentences as to all remaining counts, and Hope is still serving his life sentence. Hope later filed a motion to correct illegal sentence. The trial court amended the mandatory-minimum portion of his sentences.

After numerous unsuccessful state postconviction proceedings and appeals, Hope petitioned for § 2254 relief. The magistrate judge issued a detailed and comprehensive Report and Recommendation (ECF No. 36—"R&R"), which

1

concludes Hope is not entitled to relief. Hope filed pro se objections, ECF No. 44—"Obj."), which I have considered de novo.[1]

Hope also moved for leave to file an amended petition. ECF No. 45. The magistrate judge denied that motion, correctly concluding that the new proposed claims would not relate back to Hope's timely petition, making the new claims untimely—and thus making the proposed amendment futile. ECF No. 49.

I now conclude that the Report and Recommendation should be adopted in large part and that the § 2254 petition must be denied.

The operative petition is the amended petition (ECF No. 5—"Pet."). It presents five enumerated claims, and this order will address each in turn.

### GROUND ONE

Hope's first claim is that trial counsel was ineffective because he did not ensure the jury understood Florida's stand-your-ground defense was available. There is no question that Hope shot the victim; the issue was whether he acted in self defense. In Hope's view, counsel's errors precluded him from succeeding with this defense.

As the R&R recognizes, Hope breaks this claim into multiple subparts. R&R at 13 & n.3. For the first subpart, Hope asserts that counsel was ineffective for not

---

[1] Counsel filed the petition and reply on Hope's behalf. But the court granted counsel leave to withdraw, ECF No. 39, and Hope represented himself from there.

objecting to a question about whether he was a convicted felon who shouldn't be around guns and to a similar argument in closing. I agree with the magistrate judge that reasonable jurists could agree with the state court's conclusion that Hope has not shown *Strickland* prejudice and that this subpart therefore does not present grounds for relief.[2]

The second subpart (presented in the amended petition as the second and third subparts) argues counsel was ineffective for not objecting to the SYG jury instruction and not proposing an SYG instruction. I agree with the magistrate judge's conclusion that Hope has not shown the state court unreasonably applied *Strickland* in rejecting this claim.

---

[2] Although of little importance here, I note I cannot agree with the magistrate judge's conclusion that this "is a very close call." R&R at 63. And although the prejudice prong alone is enough to decide this point, *see Lee v. GDCP Warden*, 987 F.3d 1007, 1019 (11th Cir. 2021) ("[W]here it is easier to avoid assessing counsel's performance and resolve the petitioner's claim on the ground that he has not made a sufficient showing of prejudice, courts are encouraged to do so."), I also note that Hope has not shown deficient performance. The issue is not whether the prosecutor should have asked the question or made the closing argument. Hope has presented this as an ineffective-assistance claim, so the question is whether by not objecting, counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This is, of course, a tough showing to make, and there are reasons why a reasonable attorney would let the short question and one-line argument go—for example, to avoid drawing attention to Hope's felon status. And the benefit of objecting would be minimal; the jury already knew of Hope's felon status because he brought it up during his direct examination, ECF No. 17-2 at 155, and it was covered during his cross examination as a proper impeachment matter, ECF No. 17-2 at 161.

In his objection, Hope takes issue with the magistrate judge's noting that a certain case he relied on came out long after his trial. Obj. at 8-9; *see also* R&R at 76 ("And although possession of a firearm by a convicted felon did not preclude a defendant from claiming immunity under 776.012(1), the law on that point was not clarified until *after* Hope's trial."). He points out that *Novak v. State*, 974 So. 2d 520 (Fla. 4th DCA 2008), came out before his trial. But *Novak* did not address the issue raised here—whether Hope's possessing a gun unlawfully was "unlawful activity" that precluded any SYG defense.

In *Novak*, the court found "well-taken" the argument "that the jury instruction imposing a 'duty to retreat' on a defendant who employs self-defense while 'engaged in unlawful activity' was confusing under the circumstances because the defendant was not engaged in any unlawful activity other than the crimes for which he asserted the justification." *Id.* at 522. It concluded that "a jury charged with the 'unlawful activity' instruction might confuse the charged crimes with 'unlawful activity' that precludes the justification of self-defense unless the defendant has retreated." *Id*.

Here, there is no indication that the jury could have confused the charge—attempted murder—with the "unlawful activity" that precluded the SYG defense. More importantly, Hope made no such argument in his petition.

It is true that since his trial, Florida courts have held that a felon in possession of a firearm can still benefit from Florida's SYG law. As the Second DCA explained

in *Dooley v. State*, there are two relevant SYG statutory provisions, and "while the defendant's status of being a felon in illegal possession of a firearm may have precluded him from availing himself of the protection of section 776.013(3) in his second-degree murder trial, he could still seek immunity based on section 776.012(1)." 268 So. 3d 880, 886 (Fla. 2d DCA 2019).

Hope contends that although *Dooley* (and the *Little* decision it cited) issued long after his trial, the principles they discuss "are not new or novel." Obj. at 12. But I cannot conclude that these cases—or the principles they established—were settled at the time of Hope's trial. Indeed, *Dooley* noted that "[a]s the Florida Supreme Court aptly observed in [*State v.*] *Floyd*, 'the justifiable use of force is recognized as a somewhat complex area of law that will necessarily yield complex jury instructions.'" *Id.* at 887 (quoting *Floyd*, 186 So. 3d 1013, 1022 (Fla. 2016)). It also noted that "[t]he trial court did not have the benefit of our decision in *Little* when it gave this instruction in Mr. Dooley's case." *Id.* Hope's counsel likewise did not have the benefit of these decisions. *See Black v. United States*, 373 F.3d 1140, 1144 (11th Cir. 2004) ("If the legal principle at issue is unsettled, . . . counsel will not have rendered deficient performance for an error in judgment.").

## GROUND TWO

The next claim is that counsel was ineffective for failing to call certain defense witnesses. I agree with the magistrate judge's conclusion that Hope has not shown

an unreasonable application of *Strickland*. I have considered de novo the issues raised in the objection, but none is persuasive.³

### GROUND THREE

Next, Hope contends he was denied Due Process when resentenced outside his presence. As noted above, the First DCA vacated one of the convictions, and the trial court resentenced Hope to the same sentences as to the remaining counts. Then, the state court granted a motion to correct an illegal sentence. Hope says he should have been there for the last resentencing. Pet. at 29.

Hope pursued this claim in state court, which rejected it. On appeal, the State contended that Hope should have been present but that any error was harmless, and the First DCA affirmed without opinion. I agree with the magistrate judge: Hope has not shown the state court's adjudication turned on an unreasonable determination of the facts or was contrary to or an unreasonable application of clearly established federal law.

### GROUND FOUR

Hope's fourth claim is that newly discovered evidence undermines his conviction. The magistrate judge correctly concludes that this claim is not

---

³ Hope's objection lists the two Ground 1 subparts as Grounds 1 and 2, so its numbering does not match the numbering in this order. The objection to this ground is listed as "Ground Three," the objection to the next one is listed as "Ground Four," and so on.

cognizable. *See Swindle v. Davis*, 846 F.2d 706, 707 (11th Cir. 1988) ("Newly discovered evidence which goes only to the guilt or innocence of the petitioner is not sufficient to require habeas relief.").

## GROUND FIVE

Finally, I agree with the magistrate judge that Hope's fifth claim—that the orally pronounced life sentence was invalid because the state judge did not orally pronounce the statute on which the sentence was based—is meritless.

## CONCLUSION

The magistrate judge's Report and Recommendation (ECF No. 36) is adopted and incorporated into this order, except to the extent of the disagreements noted above in note 2. Hope's objections are overruled.

The clerk will enter a judgment that says, "The § 2254 petition is denied on the merits without an evidentiary hearing." A certificate of appealability is DENIED.

The clerk will close the file.

SO ORDERED on April 23, 2021.

s/ *Allen Winsor*<br>
United States District Judge